# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

        Petitioner,    :    Case No. 1:17-cv-298

  - vs -                      District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

CHARLOTTE, JENKINS, Warden,
  Chillicothe Correctional Institution,

                                          :

        Respondent.

## TRANSFER ORDER

This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

This is Mr. Wogenstahl's second-in-time habeas corpus application. His first habeas application was filed in this Court under case No. 1:99-cv-843. That case was dismissed with prejudice on March 5, 2008. The Sixth Circuit affirmed that dismissal. *Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2012), and the Supreme Court denied certiorari, *Wogenstahl v. Robinson*, 133 S. Ct. 311 (2012).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read as follows:

> (b)
>
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

1

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to

> be filed unless the applicant shows that the claim satisfies the
> requirements of this section.

A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). However, the district court must decide in the first instance whether a petition or § 2255 motion is second or successive. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).

The instant Petition is a second or successive habeas application. It attacks the same judgment of conviction and sentence as the prior habeas case (Petition, ECF No. 1-1, PageID 19). So far as the Court is informed, there has been no new judgment in Mr. Wogenstahl's state court proceedings. *Compare Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015). The prior case was dismissed with prejudice. *Compare Panetti v. Quarterman*, 551 U.S. 930 (2007); *In re Bowen*, 436 F.3d 699 (6th Cir. 2006).

Petitioner does not address the second or successive question in his Petition. Nor has he filed with it any proof he has obtained permission to proceed from the Sixth Circuit. Having determined the habeas application is second or successive, this Court is bound to transfer it to the Sixth Circuit for that Court's determination of whether or not Petitioner may proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

**CONCLUSION**

Accordingly, it is hereby ORDERED that this case be transferred to the Sixth Circuit

Court of Appeals for that court's determination of whether the case may proceed. The effective date of this Order is STAYED until the time for appeal to District Judge Rose has expired or until he has decided the appeal, whichever is later.

May 4, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge