# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

        Petitioner,     :     Case No. 1:17-cv-298

  - vs -                   District Judge Thomas M. Rose
                            Magistrate Judge Michael R. Merz

Warden,
  Chillicothe Correctional Institution,

                                 :
        Respondent.

# ORDER STAYING PROCEEDINGS PENDING STATE COURT LITIGATION

This capital habeas corpus case came on for scheduling conference by telephone on Thursday, September 13, 2018. Attorneys Kimberly S. Rigby and Andrew Avellano represented the Petitioner; Attorneys Brenda Leikala and Charles Wille represented the Respondent.

The Petition in this case was filed May 8, 2017, and eventually transferred to the Sixth Circuit Court of Appeals as a second-or-successive habeas application in light of Case No. 1:99-cv-843. On September 4, 2018, the Sixth Circuit gave permission under 28 U.S.C. § 2244(b) for the case to proceed. *In re Wogenstahl*, ___ F.3d ___, 2018 U.S. App. LEXIS 25024 (6th Cir. 2018).

Counsel advised that, contemporaneously with the filing in this Court, Petitioner had filed a successive post-conviction petition in the Common Pleas Court of Hamilton County, Ohio, in that court's Case No. B926287 which renders the Petition in this case "mixed" in that at least some of the claims made have not yet been exhausted in the Ohio courts. Petitioner's counsel then made an oral motion for stay of these proceedings pending exhaustion to which Respondent's counsel

1

consented.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). In granting Wogenstahl permission to proceed, the Sixth Circuit determined, at least prima facie, that he had been diligent in discovering the evidence on which he now relies and that his claims based on that evidence make "a prima facie showing that he can establish by clear and convincing evidence that no reasonable factfinder would have found him guilty." *Wogenstahl*, supra, at *12. That finding clearly satisfied the *Rhines* standard that there was good cause for failure to exhaust previously and that the claims made are not "plainly meritless."

Accordingly, all proceedings herein are STAYED pending the exhaustion of Wogenstahl's successive post-conviction action in the Ohio courts (including appeal to the First District and the Supreme Court of Ohio). The parties shall file a joint status report on that litigation not later than

November 1, 2018, and every ninety days thereafter or when the litigation is completed.

In order to ensure that the record needed for this litigation remains available, Respondent's counsel shall file in this case, in the electronic format being used for state court records in all habeas cases in this Court, the state court record that was before the Court in the prior habeas case.

September 13, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge