IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

        Petitioner,      :    Case No. 1:17-cv-298

   - vs -                      District Judge Thomas M. Rose
                                Magistrate Judge Michael R. Merz

Warden,
  Chillicothe Correctional Institution,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6)(ECF No. 58). Respondent opposes the Motion (ECF No. 59) and Petitioner has filed both a Reply Memorandum in support (ECF No. 60) and a Notice of Additional Authority (ECF No. 64).

**Magistrate Judge Decisional Authority and the Instant Motion**

The parties have argued the Motion as one made under Fed.R.Civ.P. 60(b)(6). Motions for relief from judgment under Rule 60(b), being properly made post-judgment, are not within the original decisional authority of a Magistrate Judge under Fed.R.Civ.P. 72(a), but rather require a report and recommended disposition under Fed.R.Civ.P. 72(b)(3). Respondent argues, correctly the undersigned believes, that a 60(b) motion is not properly made as to an interlocutory order. That is because there is no judgment in this case from which to grant relief. Rather, Petitioner

seeks an amendment of the Order of Transfer (ECF No. 6) in which the undersigned determined that this was a second or successive habeas corpus case which required permission from the Sixth Circuit under 28 U.S.C. § 2244(b) before it could proceed.

When the Transfer Order was entered (May 4, 2017), Petitioner objected that the Magistrate Judge lacked authority to enter the Transfer Order because it was "dispositive," the "functional equivalent of a dismissal for lack of jurisdiction." (ECF No. 9, PageID 1173, relying on *Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001)).  Judge Rose overruled those Objections (ECF No. 30) and the transfer was effected.

The Sixth Circuit accepted the transfer. *In re: Jeffrey Wogenstahl*, 902 F. 3d 621 (6th Cir. 2018)(Cole, Moore, and Gibbons).  It held the Petition in this case was indeed second or successive, denied Wogenstahl's motion to transfer the case back to this Court, but found he had presented sufficient evidence to show, prima facie, that he could satisfy the criteria for a second or successive filing.  None of the judges discussed the question of whether a § 2244(b) transfer order was within the decisional authority of a Magistrate Judge or was instead a dispositive matter.

So far as the undersigned is aware, no judge of the Sixth Circuit nor any District Judge of this Court has ever held that the transfer question is dispositive.  Nevertheless, to avoid entangling the instant Motion with that question, the Magistrate Judge provides Judge Rose in this Report with a recommendation on disposition rather than, say, a decision on reconsideration of the Transfer Order.

**Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6)**

After the case was transferred to it, the Sixth Circuit held:

> In the instant case, Wogenstahl's claims do not fall within any of the situations that have been recognized under the abuse-of-the-writ doctrine as making a petition second-in-time but not second or successive. He is attacking the same state court judgment of conviction, *see King v. Morgan*, 807 F.3d 154, 155–57 (6th Cir.2015); he did not previously raise these claims before a federal court which then did not adjudicate them on the merits, *see In re Coley*, 871 F.3d at 457; and his claims were not unripe at the time he filed his initial petition because the purported *Brady* violations and defense counsel's alleged ineffectiveness—the predicates underlying Wogenstahl's current claims—had already occurred when he filed his petition, although Wogenstahl was unaware of these facts, *see In re Jones*, 652 F.3d at 604–05. Instead, Wogenstahl's claims fall within the scenario contemplated by § 2244(b)(2)(B). He filed a previous habeas petition and is now raising claims he did not raise in his first petition.[2] 28 U.S.C. § 2244(b)(2). Furthermore, he relies on facts that he only recently discovered. *Id.* at § 2244(b)(2)(B)(i). Thus, Wogenstahl's petition is both second-in-time and second or successive, and he must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B). *In re Coley*, 871 F.3d at 457.

902 F.3d at 627-28. Judge Gibbons did not dissent from the holding that the Petition is second or successive, so the decision on this point was unanimous. Petitioner now argues:

> The Sixth Circuit, a Justice of the United States Supreme Court, and other Circuit Courts of Appeal agree that *In re Wogenstahl* was decided incorrectly. This Court should reverse the judgment transferring the case to the Sixth Circuit and apply the 28 U.S.C. § 2254 standard to Wogenstahl's habeas petition.

(Motion, ECF No. 58, PageID 2445). This conclusion requires unpacking.

In asserting that "[t]he Sixth Circuit . . . agree[s] *In re Wogenstahl* was decided incorrectly, Petitioner relies on *Baugh v. Nagy,* 2022 U.S. App. LEXIS 27469 (6th Cir. Sept. 30, 2022)(Guy, Moore, and Clay). Petitioner in that case, like Petitioner here, presented a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the State had withheld exculpatory evidence. Even though the

3

State and Baugh agreed his petition was second or successive, the panel decided that question needed "a closer look." 2022 U.S. App. LEXIS at *15. They opined:

> In *Wogenstahl* we held that Brady claims are subject to § 2244(b)'s gatekeeping requirements because the factual predicate of the claim—the unlawful withholding of evidence—occurs before the petitioner files his first habeas petition. Id. at 627; see also *In re Jackson*, 12 F.4th 604, 608 (6th Cir. 2021). We reasoned that "[Wogenstahl's] claims were not unripe at the time he filed his initial petition because the purported Brady violations . . . had already occurred when he filed his petition, although Wogenstahl was unaware of these facts." *Wogenstahl*, 902 F.3d at 627-28. Other circuits have reached the same conclusion. *In re Will,* 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("Brady claims raised in second-in-time habeas petitions are successive regardless of whether the petitioner knew about the alleged suppression when he filed his first habeas petition."); *Brown v. Muniz*, 889 F.3d 661, 674 (9th Cir. 2018) (same); *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009) (per curiam) (same); but see *Douglas v. Workman*, 560 F.3d 1156, 1193 (10th Cir. 2009) (holding that a prisoner's Brady claim is not subject to § 2244(b) when the prosecutor purposefully withholds exculpatory evidence.).
>
> Upon further consideration, we respectfully believe that Wogenstahl was incorrectly decided. Congress's intention in enacting AEDPA was "to curb the abuse of the statutory writ of habeas corpus." H.R. Rep. No. 104-518, at 111 (1996) (Conf. Rep.); see also *Panetti*, 551 U.S. at 945 (noting the legislative purpose of promoting "finality"). But under *Wogenstahl*, we do not further this purpose. Instead, *Wogenstahl* incentivizes prisoners to bring Brady claims without any evidence or else risk having a potential Brady claim reviewed under the heightened "second or successive" standards. This system "pit[s] the petitioner's interest in vigorously presenting the argument against counsel's interest in preserving their professional reputation[.]" *In re Hanna*, 987 F.3d 605, 615 (6th Cir. 2021) (Moore, J., dissenting).
>
> We find it "illogical" to hold that the abuse of the writ doctrine is abused when a petitioner seeks vindication for a previously unknown Brady violation. *Storey v. Lumpkin,* 142 S. Ct. 2576, 2578, 213 L. Ed. 2d 1136 (2022) (Mem) (Sotomayor, J.). Rather, "[w]here a prisoner can show that the state purposefully withheld exculpatory evidence, that prisoner should not be forced to bear the burden of section 2244, which is meant to protect against the prisoner himself withholding such information or intentionally prolonging the

4

> litigation." *Workman v. Bell,* 227 F.3d 331, 335 (6th Cir. 2000) (en banc) (Merritt, J., dissenting). In fact, Brady claims seem to fall perfectly within the realm of claims that should not be considered "second or successive."
>
> Although several other circuits have reached the same conclusion that we did in *Wogenstahl*, we likewise are not alone in second-guessing whether such holding was correct. See, e.g., *Scott v. United States*, 890 F.3d 1239, 1243 (11th Cir. 2018) ("Though we have great respect for our colleagues, we think *Tompkins* got it wrong: *Tompkins's* rule eliminates the sole fair opportunity for these petitioners to obtain relief."); *Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) ("We acknowledge that Gage's argument for exempting his Brady claim from the § 2244(b)(2) requirements has some merit. . . . But as a three-judge panel, we are bound to follow [circuit precedent]."); *Long v. Hooks,* 972 F.3d 442, 487 (4th Cir. 2020) (Wynn, J., concurring) (expressing doubt that Brady claims should be subjected to § 2244(b)'s gatekeeping mechanism, but ultimately following circuit precedent that held § 2244(b) applies).
>
> Unfortunately, as ill-guided as *Wogenstahl* may be, it remains the law of our circuit, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), so we must hold that Baugh's petition alleging a Brady violation is "second or successive."

*Id.* at *15-19. Because the parties in Baugh had agreed his petition was second or successive, the majority opinion is dictum, a statement not necessary to the outcome. Statements which are "not necessary to the outcome" are not binding on later panels. *United States v. Turner*, 602 F.3d 778, 785-86 (6th Cir. 2010). Moreover, *Wogenstahl* is a published opinion of the circuit court. Absent a contrary Supreme Court decision or an en banc ruling by the Sixth Circuit, it remains binding throughout the circuit, particularly in the case in which it was handed down. "[T]he paper of unpublished decisions cannot escape the scissors of published decisions on point." *Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020)(Sutton, J.).

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity

5

mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v.* Mays, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.).

A change in decisional law is usually not, by itself, an extraordinary circumstance. *Landrum v. Anderson*, 813 F.3d 330 (6th Cir. 2016); *Wright v. Warden*, 793 F.3d 670 (6th Cir. 2015); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), citing *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA* Combined *Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

What has occurred in this case is not a change in the decisional law, but a change in what some judges believe the decisional law should be. Justice Sotomayor concurred in the denial of certiorari in *Storey v. Lumpkin*, 142 S. Ct. 2576 (2022), but wrote separately to "offer a cautionary tale for those Courts of Appeals that have yet to define what constitutes a restricted 'second or successive habeas corpus application,' 28 U.S. C. § 2244(b)(2), in the context of prosecutorial misconduct." She criticized the approach taken by the Sixth Circuit on transfer in this case, but

6

was not in a position to enact what she believed the law should be.

As additional authority, Petitioner relies on *In re Hill*, 2022 U.S. App. LEXIS 24442 (6th Cir. Aug. 30, 2022). There, however, the panel distinguished *Wogenstahl* in terms of when the claim in question accrued.

Under the holding in *Wogenstahl*, the petition in this case is second or successive. Reaching that conclusion does not require interpreting the language of *Wogenstahl* at all because the circuit court has already applied it. Regardless of whether a different reading of 28 U.S.C. § 2244 would better accord with the purposes of the AEDPA, this Court is bound by the reading given that statute by the Sixth Circuit in this very case.

The Motion for Relief from Judgment should be DENIED.

March 15, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
