# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

        Petitioner,     :     Case No. 1:17-cv-298

  - vs -                      District Judge Thomas M. Rose
                               Magistrate Judge Michael R. Merz

Warden,
  Chillicothe Correctional Institution,

                             :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 66) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 65) recommending denial of Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6)(ECF No. 58).  Respondent has replied to Wogenstahl's Objections (ECF No. 67) and District Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 68).

 **Relevant Litigation History**

      This is Wogenstahl's second habeas corpus case seeking relief from his conviction in the Hamilton County Court of Common Pleas for the November 1991 murder of Amber Garrett and consequent death sentence.  His first habeas case application was filed in this Court under Case No. 1:99-cv-843 which was dismissed with prejudice on March 5, 2008. The Sixth Circuit

affirmed that dismissal. *Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2012), and the Supreme Court denied certiorari, *Wogenstahl v. Robinson*, 568 U.S. 902 (2012).

Wogenstahl filed this case May 3, 2017. Upon initial review under Rule 4 of the Rules Governing § 2254 Proceedings, the undersigned concluded this was a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b) and ordered it transferred to the Sixth Circuit for that court's determination of whether it could proceed (Transfer Order, ECF No. 6). In a published decision the Sixth Circuit held this case was indeed second or successive, denied Wogenstahl's motion to transfer the case back to this Court, but found he had presented sufficient evidence to show, prima facie, that he could satisfy the criteria for a second or successive filing and granted him permission to proceed. *In re: Jeffrey Wogenstahl*, 902 F. 3d 621 (6th Cir. 2018).

At a status conference held the week after the Sixth Circuit decision, Petitioner's counsel moved to stay these proceedings pending the outcome of state court proceedings raising some or all of the same claims. With Respondent's agreement, the Court granted the stay (Order, ECF No. 34). The stay remains in place; the parties have reported to the Court that those proceedings are continuing (Status Report, ECF No. 70).

Despite the stay, Petitioner filed the instant Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6) on January 5, 2023 (ECF No. 58). After further briefing by both parties (ECF Nos. 59, 60), the undersigned filed the Report recommending denial which is now before the Court for reconsideration.

## Analysis

The "judgment" from which Wogenstahl seeks relief is the Transfer Order (ECF No. 6) transferring this case to the Sixth Circuit for its ruling on the "second or successive" issue. The Report recommended denying the Motion for Relief from Judgment because the Sixth Circuit has affirmed its correctness in its published opinion in this case.

Petitioner argued in the Motion that several judges had concluded *Wogenstahl* was wrongly decided. In *Baugh v. Nagy,* 2022 U.S. App. LEXIS 27469 (6th Cir. Sept. 30, 2022), Judge Clay, writing for himself and Judge Moore, agreed that *Wogenstahl* had been wrongly decided. However, he concluded his opinion by stating "Unfortunately, as ill-guided as *Wogenstahl* may be, it remains the law of our circuit, *Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir. 1985), so we must hold that Baugh's petition alleging a Brady violation is 'second or successive.'" Petitioner also cited Justice Sotomayor's criticism of *Wogenstahl* in her concurring opinion in the denial of certiorari in *Storey v. Lumpkin*, 142 S. Ct. 2576 (2022).

The Report recommends denying relief from the Transfer Order because the circuit court had held it was correct. Petitioner asserts that the District Court's review of the Report must be *de novo* and the Magistrate Judge agrees. Petitioner then raises two objections which are dealt with separately below.

**First Objection: The Magistrate Judge erred when denying the Rule 60(b)(6) Motion for Relief from Judgment. Relief should be granted under Rule 60(b)(6) because case law and the principles of equity and justice mandate relief.**

The first sentence of this Objection misreads the Report. The Magistrate Judge did not

purport to decide the 60(b)(6) Motion. The last line of the Report reads "The Motion for Relief from Judgment **should be** DENIED," not **is** DENIED. The Motion seeks amendment of the Transfer Order which the undersigned treated as within Magistrate Judge decisional authority, but delayed its effectiveness until Petitioner could appeal. The instant motion is being treated as dispositive out of an abundance of caution because it represents a situation unique in the undersigned's experience: it seeks amendment of a pre-judgment order which has already been reviewed by the Sixth Circuit and found to be error-free.

The second sentence goes to the heart of Wogenstahl's position. He claims he should not be required to bear the burdens of presenting a second habeas petition enacted in 28 U.S.C. § 2244(b)(2)[1]. The Transfer Order as affirmed by the Sixth Circuit requires him to meet that standard. He acknowledges that "[r]elief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief" (Objections, ECF No. 66, PageID 2482-83, quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990))." Here, he says, the principles of equity demand relief for four policy reasons: (1) the Transfer Order does not "abide by the purposes of AEDPA," (2) undermines public confidence in the judiciary, (3) places an impossible burden on incarcerated defendants, (4) allows the State to profit from its misdeeds. "Finally," he says, "it would work a manifest injustice in this case to allow this ruling to stand." *Id.* at PageID

---

[1] That statute provides (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)
    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

2485.

Wogenstahl's four policy arguments are cogent, but they are made in the wrong forum; they suggest Congress should not have placed limitations on second habeas petitions in contravention of the long-standing policy of allowing them. Or they suggest *Wogenstahl* was wrongly decided. But that argument must be made to the *en banc* Sixth Circuit which alone has the authority to reverse *Wogenstahl*, as Judge Clay recognized in *Baugh* by citing *Salmi*, the traditional citation on the authority of published circuit decisions.

Wogenstahl's argument that allowing the Transfer Order to stand would work a manifest injustice in this case is also made in the wrong forum. It is the binding law of the Sixth Circuit that a habeas petitioner with claims such as Wogenstahl makes must satisfy the § 2244(b)(2) standard. This Court is not free to ignore that law upon a finding that it is unjust to Wogenstahl. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). What is true of Supreme Court precedent applies in precisely the same way to District Court obedience to circuit court authority. Wogenstahl's First Objection should be overruled.

**Second Objection: The Magistrate Judge erred when he ruled that the panel in *In re Hill* distinguished *Wogenstahl*. *In re Hill* distinguished the analysis regarding Wogenstahl's *Brady* claims; however, that opinion did not address another claim raised by Wogenstahl: the unscientific hair testimony.**

(Objections, ECF No. 66, PageID 2486).

The Report states "As additional authority, Petitioner relies on *In re Hill*, 2022 U.S. App. LEXIS 24442 (6th Cir. Aug. 30, 2022). There, however, the panel distinguished *Wogenstahl* in terms of when the claim in question accrued."

5

Regardless of whether the undersigned misinterpreted Hill, the opinion on which Wogenstahl relied has been vacated and the Sixth Circuit granted review *en banc*. *In re Hill*, 2023 U.S. App. LEXIS 6576, 2023 FED App. 49P (6th Cir.) (6th Cir. Ohio, Mar. 20, 2023). The vacated decision has no precedential value at all. Petitioner's Second Objection should also be overruled.

**Effect of the Stay Order**

If Petitioner objects to this Supplemental Report, he shall at the same time show cause why his Motion for Relief from Judgment should not be denied for the independent reason that it was filed despite the Stay.

**Certificate of Appealability**

If the Court adopts the Report and this Supplemental Report, it seems likely Petitioner will want to appeal because his only opportunity to reverse *Wogenstahl* is by decision of the *en banc* Supreme Court. The Magistrate Judge takes no position on whether an adoption order can be appealed before final judgment. However, the Magistrate Judge finds reasonable jurists do disagree on the issue of whether *Wogenstahl* was wrongly decided. The Court should granted a certificate of appealability on that issue.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Motion for Relief from Judgment be denied.

October 4, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
