# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

        Petitioner,    :    Case No. 1:17-cv-298

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

Warden,
  Chillicothe Correctional Institution,

        :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Objections (the "Instant Objections," ECF No. 72) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 71) recommending denial of Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6)(ECF No. 58). Respondent has replied to Wogenstahl's Objections (ECF No. 73) and District Judge Rose has recommitted the case to the Magistrate Judge for further reconsideration in light of the Instant Objections (ECF No. 74).

The "judgment" from which relief is sought is this Court's Transfer Order of May 4, 2017 (ECF No. 6) finding the Petition herein to be "second or successive" to Wogenstahl's prior habeas case, Case No. 1:99-cv-843, challenging his conviction and capital sentence for the murder of Amber Garrett. In a published decision, the Sixth Circuit reached the same conclusion. *In re: Jeffrey Wogenstahl*, 902 F. 3d 621 (6th Cir. 2018). That court also found Wogenstahl had presented "sufficient evidence to show, prima facie, that he could satisfy the

criteria for a second or successive filing and granted him permission to proceed." *Id.* at 629-30.

A week after the Sixth Circuit's decision, Petitioner moved to stay these proceedings pending the outcome of state court proceedings raising some of the same issues. With the concurrence of Respondent, the Court granted the stay (ECF No. 34) which remains in place with the parties providing periodic reports on the status of those proceedings. On November 21, 2023, the parties jointly reported:

> [T]here is litigation pending before Judge Christian A. Jenkins in the Hamilton County Court of Common Pleas and the Ohio Supreme Court. See Hamilton Court of Common Pleas Case No. B 9206287; Ohio Supreme Court Case No. 2023-0945. This litigation includes Wogenstahl's successive postconviction petition and amendments, a Motion for New Trial, and an Application to Reopen Direct Appeal.

(Status Report, ECF No. 75, PageID 2510).

The gravamen of Petitioner's Motion is that this Court should reconsider and vacate the Transfer Order despite the facts that (1) the Sixth Circuit has concluded the Petition is indeed second or successive in a published (and therefore binding) decision and (2) these proceedings are stayed. These two rationales for reconsideration are considered seriatim below.

**The Transfer Order Was Entered in Error**

Petitioner relies on the same arguments previously made to assert the Transfer Order was erroneous. It is unnecessary to repeat those arguments because they have been dealt with in the two priors R&R's.

Petitioner cites as additional authority for his position the opinion of Justice Sotomayor concurring in the denial of certiorari in *Storey v. Lumpkin*, ___U.S.___, 142 S.Ct. 2576, 2578,

213 L.Ed.2d 1136 (2022). The Magistrate Judge agrees that Justice Sotomayor's opinion takes a narrower view of the second or successive bar than that of the Sixth Circuit in this case. If her opinion were precedential, we would be obliged to follow it even in the teeth of published circuit precedent. But, with all respect for the content of her opinion, it is not precedential. She wrote only for herself and while concurring in denial of certiorari in the case before the Court,[1] making her opinion classic dictum. A one Justice dictum cannot absolve this Court from following a published decision of the Sixth Circuit in the very case in suit.

**Impact of the Stay**

As noted above, these proceedings have been stayed on Petitioner's motion since September 2018. The instant Motion, which seeks Court action in this case now, was filed despite the stay and without even a nod to its existence. In the Supplemental Report, the undersigned ordered "If Petitioner objects to this Supplemental Report, he shall at the same time show cause why his Motion for Relief from Judgment should not be denied for the independent reason that it was filed despite the Stay." (Supplemental Report, ECF No. 71, PageID 2501).

The instant Objections not only fail to show cause, they fail to mention the Stay at all. Indeed, the Objections assert "this is currently the only forum available to Wogenstahl to correct the injustice of his death sentence." (ECF No. 72, PageID 2504). That argument would make sense in a motion to vacate the stay on the grounds that the presently pending proceedings in state court will be futile and exhaustion is thus excused. See 28 U.S.C. § 2254(b)(1)(B). But Petitioner sought the stay in the first place and appears to be vigorously pursuing the possible remedies in the state courts. If Petitioner wants to vacate the stay, he should move for that relief

---

[1] "The posture of Storey's case renders it a poor fit for this Court's review." 142 S. Ct. at 2578.

and take his chances on proving futility. But in fairness to Respondent and the Court, a stay cannot be merely a convenience to Petitioner to be ignored when it becomes inconvenient. The Motion for Relief from Judgment should be denied for the reasons given above as well as for the reason that its filing violates the stay.

December 19, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
